**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2804
_____

UNITED STATES OF AMERICA

v.

EDIN NOEL VELASQUEZ-FLORES;
a/k/a PEDRO FERNANDEZ;
a/k/a M. JOSE M. FLORES;
a/k/a LUIS D. REVERON;
a/k/a EDIN VELASQUEZ,
Edwin Noel Velasquez-Flores,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-15-cr-00189-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on April 18, 2016

Before: McKEE, *Chief Judge*, FUENTES and ROTH, *Circuit Judges*.

(Filed: September 23, 2016)
_____

OPINION*
_____

MCKEE, *Chief Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edin Velasquez-Flores appeals the district court's order sentencing him to 18 months' imprisonment for illegally re-entering the United States after being deported. The sole issue before us is whether the sentence was substantively unreasonable. For the following reasons, we will affirm the judgment of the district court.

I.

Velasquez-Flores is a native and citizen of Honduras who first illegally entered the United States when he was 15 years old. Since then, he has been removed from the United States six times, and he has unlawfully returned each time.[1] Over the years, Velasquez-Flores has also been convicted of several relatively minor criminal offenses.[2] Prior to the arrest that led to this case, he had never been incarcerated for more than five days at a time.[3] This appeal arises from his most recent arrest for illegal reentry into the United States on April 23, 2014.

After his arrest, Velasquez-Flores pled guilty to the charge of unlawful reentry after deportation.[4] His Presentence Investigation Report calculated his Sentencing Guidelines range to be 10-16 months, in part due to the incorrect determination that his offense level should be increased by 4 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(D) because he had a previous conviction for reentry after deportation, in violation of 8 U.S.C. § 1326(a).[5] At the sentencing hearing, the district court sustained the Government's objection to the 4-level enhancement and concluded that Velasquez-Flores

---

[1] Presentence Report ¶¶ 8, 24, 25, 33, 34, 35, 36 [hereinafter PSR].
[2] *Id.* ¶¶ 24, 25, 27, 34.
[3] App. at 125-26.
[4] *See* 8 U.S.C. § 1326(a).
[5] PSR ¶¶ 15, 57.

2

had an offense level of 6 and a criminal history category of III, leading to a Sentencing Guidelines range of 2-8 months. Both parties argued for a sentence within the Guidelines range.

However, the district court correctly treated the Guidelines as advisory and exercised its discretion by imposing an upward variance. The district court considered a number of factors, including Velasquez-Flores' family relationships in the United States, his work history, his prior criminal convictions, and the fact that Velasquez-Flores had illegally reentered the United States six times. The district court concluded that an upward variance was necessary to deter Velasquez-Flores from yet another illegal reentry.[6] The district court also considered other relevant factors under § 3553.[7] The court imposed a sentence of 18 months' imprisonment, followed by one year of supervised release, along with a $100 fine. Velasquez-Flores appeals.

## II.[8]

We review the reasonableness of the sentence imposed by the district court for abuse of discretion.[9] A sentence "will be upheld as reasonable if the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[10] The abuse of discretion standard is highly deferential, and we will affirm unless Velasquez-Flores can demonstrate that "no reasonable sentencing court would

---

[6] App. at 130-31.

[7] *Id.* at 131.

[8] The district court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[9] *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

[10] *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). (internal quotation marks and citations omitted).

have imposed the same sentence on that particular defendant for the reasons the district court provided."[11]

Velasquez-Flores challenges his 18-month sentence solely on the basis that it was substantively unreasonable. He argues that the district court's stated reason for imposing the upward variance – among other things, the need to deter him from yet another illegal reentry – was insufficient to support a sentence that was more than double the upper limit of the Guidelines range.[12]

First, Velasquez-Flores contends that the district court's upward departure was unreasonable because his conduct did not merit an enhancement under any of the 12 possible enhancements provided by the reentry provision in U.S.S.G. § 2L1.2(b). We are unpersuaded by this argument because the district court did not impose a sentencing enhancement that would require us to review the relevant guidelines provision to determine whether the enhancement was properly applied.[13] Instead, it properly deviated from the Guidelines using a variance. We therefore review the district court's analysis of the § 3553 factors.[14]

Ample record evidence supports our conclusion that the district court imposed an upward variance. First, the district court informed the parties in advance that it was considering an upward variance.[15] Second, the district court reminded the parties at the

---

[11] *United States v. Tomko*, 562 F.3d 558, 567, 568 (3d Cir. 2009).
[12] After concluding that the offense level was 6 and the criminal history category was III, the district court found that Velasquez-Flores' guidelines sentencing range was 2-8 months' imprisonment. App. 122.
[13] *See United States v. Brown*, 578 F.3d 221, 226 (3d Cir. 2009).
[14] *Id.*
[15] App. at 116.

4

outset of the sentencing hearing that it was contemplating an upward variance.[16] Third, Velasquez-Flores' counsel indicated during the sentencing hearing that both she and Velasquez-Flores himself were aware that the district court was considering an upward variance.[17] Fourth, the Government acknowledged that the district court was within its discretion to impose an upward variance.[18]

Perhaps most importantly, the district court conducted its analysis on the basis of the § 3553 factors, as is required when considering an upward variance.[19] In addition to the Guidelines range, the district court considered that Velasquez-Flores had illegally returned to the United States a total of six times, despite warnings to the contrary, and that he has lived, worked, and raised a family in the United States.[20] The district court specifically observed that it considered "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes this defendant might commit."[21] The district court also considered Velasquez-Flores' possible need for education, vocational training or medical care,[22] as well as the need to avoid sentencing disparities and any possible need for restitution.[23] We find no basis in the record for Velasquez-Flores' assertion that we should review his sentence

---

[16] *Id.* at 120, 122.
[17] *Id.* at 126.
[18] *Id.* at 128.
[19] *See Brown*, 578 F.3d at 226.
[20] App. at 130-31. The sentencing court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

[21] App. at 131. *See* § 3553(2)(A)-(C).
[22] App. at 131. *See* § 3553(2)(D).
[23] App. at 131. *See* § 3553(6),(7).

pursuant to U.S.S.G. § 2L1.2(b), as that section applies to enhancements under the Guidelines, not discretionary variances.

Velasquez-Flores next argues that the district court abused its discretion in finding that a sentence above the Guidelines range is appropriate for deterrence purposes because, prior to this offense, he has never spent more than five consecutive days in jail. He further asserts that this arrest has served as a "wake up call," for him to obtain legal status in the United States, making further deterrence unnecessary. However, the district court did not find Velasquez-Flores' testimony credible.[24] "We give great deference to a presiding judge's credibility determinations in sentencing proceedings because she is able to directly observe a testifying witness's tone and demeanor."[25]

We see no reason to doubt the district court's credibility determination in this case. The record establishes Velasquez-Flores' disregard of the prohibition on illegally entering the United States, as demonstrated by his six reentries after deportation. We also note that Velasquez-Flores was warned about the consequences of illegal reentry each time he was deported, yet he returned. In light of this, we do not believe that the district court imposed a greater sentence than was necessary to deter Velasquez-Florez from illegally reentering the United States for the seventh time.[26] The district court therefore did not abuse its discretion when it concluded that an 18-month sentence was necessary for deterrence purposes.

---

[24] App. at 127.
[25] *United States v. Leekins*, 493 F.3d 143, 150 (3d Cir. 2007).
[26] *See United States v. Olhovsky*, 562 F.3d 530, 551 (3d Cir. 2009).

Velasquez-Flores also argues, for the first time on appeal, that his sentence is substantively unreasonable because the sentence was higher than the average sentence for illegal reentry, despite his lower than average criminal history. We generally will not consider issues raised for the first time on appeal.[27] Accordingly, we decline to address it, here.

Finally, Velasquez-Flores contends that it is the certainty of punishment, not its severity, that deters crime.[28] Although we do not doubt the accuracy of that statement, it does nothing to negate the reasonableness of the sentence that was imposed here.

IV.

For the foregoing reasons, we will affirm the judgment of district court.

---

[27] *See Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir.1994).

[28] Velasquez-Flores directs our attention to the National Institute of Justice's publication, FIVE THINGS ABOUT DETERRENCE, in support of his position. App. at 114.